# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MOORE, | CASE NO. CV-F-05-0506 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| L. CHRONES, et al., | (Doc. 23) |
| Defendants. | |

I.  Motion to Dismiss for Failure to Exhaust

    A.  Procedural History

Plaintiff Scott Moore ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed April 18, 2005, against defendants Chrones, Maurer and Rivera ("defendants") for violating the First Amendment with respect to a book ban policy at North Kern State Prison. On February 6, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the administrative remedies. Plaintiff has not filed an opposition to the motion.[1]

    B.  Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 21, 2005. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 15.)

1

1  confined in any jail, prison, or other correctional facility until such administrative remedies as are
2  available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement
3  applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).
4  Prisoners must complete the prison's administrative process, regardless of the relief sought by the
5  prisoner and regardless of the relief offered by the process, as long as the administrative process can
6  provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).
7  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards,
8  nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to Booth, 532 U.S.
9  at 739 n.5).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-
10 1201 (9th Cir. 2002).

11     The California Department of Corrections has an administrative grievance system for
12 prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the
13 department's jurisdiction may appeal any departmental decision, action, condition, or policy which
14 they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at 3084.1(a).
15 Four levels of appeal are involved, including the informal level, first formal level, second formal
16 level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5
17 (2004).

18     Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
19 defense under which defendants have the burden of raising and proving the absence of exhaustion.
20 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Based on the general principle that
21 summary judgment is on the merits while dismissal of an action for failure to exhaust is not on the
22 merits, the failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject
23 to an unenumerated Rule 12(b) motion rather than a summary judgment motion.  Wyatt, 315 F.3d
24 at 1119 (citations omitted); Fed. R. Civ. P. 12(b).  In deciding a motion to dismiss for failure to
25 exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues
26 of fact.  Id. at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative
27 remedies, the proper remedy is dismissal without prejudice.  Id.
28 ///

C. <u>Discussion</u>

In his complaint, plaintiff alleges that defendants violated his rights under the First Amendment by not allowing him to order and receive books while temporarily confined in the reception center at Kern State Prison. Doc. 1, Comp.

Defendants argue that they are entitled to dismissal of this action because plaintiff did not exhaust the administrative remedies with respect to his claims against them. Defendants submit evidence that plaintiff filed an appeal grieving the facts alleged in his complaint, Appeal 05-1048, but did not pursue the appeal after the first level. Doc. 23, Motion, Exhibit "A." Defendants submit evidence that since January 1993, the Director did not accept any appeals from plaintiff for Director's Level Review. Doc. 23, Motion, Grannis Dec.

The receipt of a Director's Level decision is not always necessary for exhaustion to occur. In some circumstances, the granting of an inmate appeal at a lower level may satisfy the exhaustion requirement. See <u>Clement v. California Dept. of Corr.</u>, No. C 00-1860 CW, 2002 WL 31050915, *5 (N.D. Cal. Sept. 9, 2002); <u>Brady v. Attygala</u>, 196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17, 2002); <u>Gomez v. Winslow</u>, 177 F.Supp.2d 977, 985 (N.D. Cal. Aug. 28, 2001). Further, identification in the inmate appeal of each defendant by name is not necessary for exhaustion to occur. <u>Butler v. Rianda</u>, 387 F.3d 1181, 1183 (9th Cir. 2005). The touchstone that has been applied by this court is whether the plaintiff has, using the administrative appeal process provided by the Department of Corrections, placed prison officials on notice as to the facts at issue in his claim against the defendants. Therefore, in order to determine whether or not plaintiff's appeal satisfies the exhaustion requirement, the court must examine the appeal.

On February 4, 2005, while at North Kern State Prison, plaintiff submitted appeal log number NKSP-D-05-1048 grieving the conduct of defendants at issue in this action. Doc. 23, Motion, Exhibit "A." The appeal was denied April 14, 2005 by Sgt. Pastor. *Id*. The denial was approved on April 29, 2005. *Id.* Plaintiff did not seek further review after his appeal was denied at the first level. *Id.* In the denial of the appeal, plaintiff was advised that Reception Center inmates were not allowed to receive books (hard bound or soft bound), with the exception of one soft back bible. In order to have exhausted his claims, plaintiff was required to pursue his appeal to the Director's Level

3

of review. Thus, this appeal does not satisfy the exhaustion requirement with respect to plaintiff's claims.

The court finds that defendants have met their burden and the burden shifts to plaintiff to demonstrate that he has exhausted. Plaintiff has not responded to defendants' motion to dismiss and there is no evidence in the complaint contradicting defendants' evidence that plaintiff failed to exhaust the administrative remedies prior to filing this action. Accordingly, defendants are entitled to dismissal of this action, without prejudice, on the ground that plaintiff failed to exhaust the administrative remedies in compliance with 42 U.S.C. § 1997e(a).

D.  Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed February 6, 2006, be GRANTED; and
2. This action be dismissed, without prejudice, on the ground that plaintiff failed to exhaust the administrative remedies in compliance with 42 U.S.C. § 1997e(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   March 30, 2006**                    **/s/ Dennis L. Beck**
3b142a                                         UNITED STATES MAGISTRATE JUDGE